ROBERT O. FULLER & another *vs.* JOHN S. MILLER & another.

*Costs.*

By R. S. of 1857, c. 82, § 12 (R. S., c. 82, § 11), when there are two or more defendants, the writ may be amended by striking out one or more of them on payment of costs to him to that time.

Thus, where at a certain term, one of two defendants was defaulted, and, at a subsequent term, the plaintiff discontinued as to the defaulted defendant, and recovered judgment against the other,—the former was held entitled to costs to the time of the discontinuance.

ON EXCEPTIONS to rulings of *Goddard*, J., of the superior court, for the county of Cumberland.

ASSUMPSIT on an account annexed, tried by the justice without the intervention of a jury, subject to exceptions in matters of law.

At the March term, 1869, J. O'Donnell, Esq., the attorney who had previously appeared for both defendants, having withdrawn his further appearance for B. B. Miller, one of the defendants, the latter was defaulted.

At the September term, 1870, the plaintiffs had leave to discontinue as to B. B. Miller.

At the following October term, a trial was had, and decision rendered in favor of the plaintiffs against John S. Miller, who carried the case up on exceptions. *Vide*, 57 Maine, 168.

Thereupon, the same attorney claimed costs for B. B. Miller

Fuller *v.* Miller.

against the plaintiffs, from the time of the entry of the action to the time of discontinuance as to him, which was disallowed by the clerk. From this decision of the clerk an appeal was taken, and upon the appeal the justice ruled as matter of law,

I. That B. B. Miller was not entitled to costs; and,

II. That the appeal be disallowed.

*J. O'Donnell,* for B. B. Miller.

*Davis & Drummond,* for the plaintiffs.

APPLETON, C. J. At the March term, 1869, of the superior court, B. B. Miller, one of the defendants, was defaulted. It having been held in *Fuller* v. *Miller,* 57 Maine, 168, that upon the evidence the action was not maintainable against the defendants jointly; the plaintiff, at the September term, 1870, discontinued their suit by leave of court against B. B. Miller, and at the subsequent October term recovered judgment against John S. Miller for the amount in controversy.

The defendant, B. B. Miller, claims costs to the time when the action was discontinued as to him.

The allowance of costs in suits at common law is regulated by statute.

By R. S., 1857, c. 82, § 95, " In all actions, the party prevailing shall recover costs, unless otherwise specially provided."

There is no special provision otherwise. By c. 82, § 10, all errors and defects for want of form only, or for circumstantial errors or mistakes, which by law are amendable, may be amended on motion by either party on such terms as the court orders.

By the common law, in assumpsit against two or more, the plaintiff could not amend his writ by striking out the name of one of the defendants. *Redington* v. *Farrar,* 5 Greenl. 379. But the common law on this subject was changed by Stat. 1835, c. 178, § 4, which was reënacted in the revisions of 1841 and 1857, and is found in c. 82, § 12, in these words: " When there are two or more defendants, the writ may be amended, by striking out one or more

of them, on payments of costs to him to that time." The court was not authorized to allow the amendment by striking out the defendant's name, or discontinuing against him at common law. The authority is by statute, and by that it is allowable only on payment of costs to the party whose name is stricken from the writ by a discontinuance. Notwithstanding his default, B. B. Miller was still a party to the suit, and judgment could not be had against the other defendant without striking out his name.

*Exceptions sustained.*

KENT, WALTON, BARROWS, and DANFORTH, JJ., concurred.